[Huey's Appeal.]

# Huey's Appeal.

1. The testator directed his land to be sold, and after payment of debts and legacies, the balance was to be loaned out on mortgage security, and the accruing interest was to be paid, one-third to the widow and the balance to daughter, Jane. Upon the death of the widow, the principal and interest to go to daughter, Jane. *Held*, that Jane had no estate whatever in the land.

2. If Jane had united with all the parties entitled to the proceeds of the land, she might by an act of election have taken an interest in the land in lieu of the money.

3. A deed of Jane's interest in the land amounts to an equitable assignment of all her interest in the proceeds.

4. The law of Ohio, making females of full age, when they arrive at the age of eighteen years, enables them while domiciled in Ohio, to make a valid contract of sale of their personal property in Pennsylvania.

5. The general rule of the *jus gentium* is that in regard to questions of *minority* or *majority*, *competency* or *incompetency*, incapabilities incident to *coverture*, *guardianship*, *emancipation* and other personal qualities and disabilities, the law of the place where the contract is made, or the act done, furnishes the rule of decision.

APPEAL by Jane Huey, from the decree of the Orphans' Court of *Allegheny county*, dismissing her petition for review, for the purpose of setting aside a sale of the real estate of her deceased father, to Alexander H. Miller.

The facts fully appear in the opinion of the court, delivered December 12, 1854, by

LEWIS, J.—This is a bill of review, brought by Jane Huey, for the purpose of setting aside a sale of the real estate of her father, made to Alexander H. Miller, under the decree of the Orphans' Court of Allegheny county. By the terms of her father's will of the 13th April, 1846, the land was directed to be sold, and upon payment of certain enumerated legacies, the balance was to be loaned out upon mortgage security, and the accruing interest therefrom was to be paid, one-third to the testator's widow, Agnes Huey, until her death, the balance of interest to his daughter Jane, the petitioner, and at the widow's decease, then the principal and interest to go to the petitioner. The widow Agnes Huey and Gideon Seymour were named as executors. After the time arrived for the sale of the property, according to the directions of the will, on the 13th November, 1849, Seymour entered into a contract with Miller for the sale, with a provision in the agreement, that a title was to be made by means of a sale under the decree of the Orphans' Court. At this time $1,643.33 of the purchase-money were paid by Miller. Three days afterwards, to wit, on the 16th November, 1849, Seymour, the executor, Agnes, the widow, and Jane, the petitioner, executed a deed to Miller, for the premises, with covenants of general warranty. Proceedings were commenced in the Orphans' Court of Allegheny county,

where the land is situated, and a sale was made to Miller for the price which he had contracted to pay. This sale was finally confirmed on the 4th May, 1850, and a deed made on the 16th May, 1850, on which day the consideration-money was paid or secured by mortgage, according to contract. According to the testimony of Gideon Seymour, all these proceedings were conducted with the knowledge and approbation of Agnes, the widow, and Jane, the petitioner, and the money received after payment of the legacies, was appropriated according to their wishes.

On the 3d May, 1853, nearly three years after the final confirmation of the sale by the Orphans' Court, and more than three years after the receipt of Miller's money, and the execution of a deed to him for the property of the petitioner, this petition of review was presented. At the time Jane Huey executed the deed to Miller, she was over the age of eighteen years. Her domicil was in the State of Ohio, and the instrument was executed in that State. By a statute of Ohio passed on the 17th February, 1834, it is enacted that " all female persons of the age of eighteen years and upwards, and who are under no legal disability, shall be capable of contracting respecting goods, chattels, lands, tenements, and any other matter or thing which may be the legitimate subject of a contract, and shall be, to all intents and purposes, held and considered to be of full age, any law or custom to the contrary notwithstanding."

It has been held, that where an infant cognizant of her rights, stands by and permits an innocent purchaser to buy her estate from another, without giving him notice, " she is bound as much as an adult," and " her infancy is no excuse." *Becket* v. *Cordley*, 1 Br. Ch. C. 357, 358 ; *Savage* v. *Foster*, 9 Mod. 37 ; Eq. Ca. 37 ; 2 Com. Dig. 790 ; 4 W. 28 ; *Com.* v. *Shurman's Exor's*, 6 Harris, 343. But it is not necessary to put the case upon this ground. Nor is it necessary to decide upon the petitioner's capacity, under the laws of Ohio, to convey real estate in Pennsylvania, because by the terms of her father's will she had nothing more than a right to a portion of the proceeds of sale. She had no estate whatever in the land. It could not be sold on execution for her debts. Her husband could not claim curtesy in it. She could not maintain ejectment for it. Her deed, as a mere conveyance, would pass no title to land. It is true, that if she had united with all the parties entitled to the proceeds in an act of election, she might have taken an interest in the land in lieu of the money. But as the case stood, when she signed the deed to Miller, in pursuance of the contract with Seymour, her interest was nothing more than a right to a portion of the money. It was a personal demand and not an estate in land ; and the deed, although it cannot operate strictly as a conveyance of the land, amounts to an equitable assignment of all her interest in the proceeds. If that

[West *v.* Gregg's Administrator.]

instrument is binding on her, she had no interest which was affected by the decree of the Orphans' Court, and can have no right to a petition of review. This brings us to the question whether her acts in Ohio are sufficient to bind her personal estate here. That they are we entertain no doubt. This cause being entertained in a Pennsylvania court, must, it is true, be adjudicated according to the principles of the Pennsylvania law applicable to the case; but the only principle applicable to the case of such a contract, made in the State of Ohio, is, according to the law of Pennsylvania, that the *status* or condition of the petitioner must be tried by reference to the law of the State where the contract was made. Having furnished this principle, the law of Pennsylvania withdraws altogether, and leaves the question of *status* to the law of Ohio.

The general rule of the *jus gentium* is that in regard to questions of minority or majority, competency or incompetency, incapacities incident to coverture, guardianship, emancipation, and other personal qualities and disabilities, the law of the place where the contract is made, or the act done, furnishes the rule of decision. Story's Conflict of Laws, sec. 163. In questions of minority and majority this principle is peculiarly appropriate, where the place of the contract is also the place of the domicil; because each State or nation is presumed to be best capable of judging from the physical circumstances of climate, or otherwise, when the faculties of its citizens are morally or civilly perfect for the purposes of society. (Ib. sec. 72.) It is true, that no people are bound to enforce or hold valid in their courts of justice, any contract which is injurious to their public rights, or offends their morals, or contravenes their policy, or violates a public law. (Ib. sec. 98.) But the contract before us is not subject to any of these objections; and the result is, that as the deed of the petitioner is binding upon her by the law of Ohio, it is equally binding upon her here. She has parted with her rights by a valid instrument executed without fraud, and when, according to the law which governs her contract, she was of full age. Her petition for review was therefore properly dismissed at her own costs.

Decree affirmed.